NH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro Ramirez Padilla,<br><br>　　　　　Petitioner,<br><br>v.<br><br>John Cantu, *et al.*,<br><br>　　　　　Respondents. | No.　CV-26-01167-PHX-JJT (JZB)<br><br>**ORDER** |

　　　　Petitioner filed this action, through counsel, under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

　　　　On December 23, 2025, local law enforcement stopped Petitioner for a traffic violation and summoned Immigration and Customs Enforcement (ICE) to the scene. The ICE officers detained Petitioner for not having immigration documentation in his possession. Petitioner has been detained continuously in the Florence Detention Center without an individualized bond hearing and claims he has no order of removal, is not charged with any "criminal ground of removability," and is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

　　　　Petitioner claims he is currently in active removal proceedings and is seeking a cancellation of removal for non-permanent residents. He also asserts he has not been provided with complete documentation "regarding the basis for his detention, including any alleged prior immigration history that ICE may be relying upon to deny bond eligibility or to assert that discretionary release is unavailable."

Petitioner raises two grounds for relief and seeks release from custody, or, in the alternative, a bond hearing.  In Ground One, Petitioner asserts that his detention violates his procedural due process rights under the Fifth Amendment for several reasons: (1) the government has detained Petitioner without an individual custody determination; (2) the government has not demonstrated that Petitioner is a flight risk or a danger; (3) Petitioner is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1); (4) Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the balance weighs heavily in favor of Petitioner's liberty; and (5) Petitioner's continued detention absent a bond hearing violates fundamental fairness.  In Ground Two, Petitioner alleges that his detention violates his substantive due process rights under the Fifth Amendment because there is no clear timeline for resolution of his immigration matter and his indefinite detention raises constitutional concerns.  The Court will direct Respondents to answer the Petition.

In their Answer, Respondents are directed to clarify the present basis for Petitioner's detention, and, if Petitioner is detained pursuant to § 1226(a), address why he has not been provided a bond hearing.  *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025).  Any answer must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)     Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2)     If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

1  (4) Respondents must answer the Petition within **14 days** of the date of this Order.

2  (5) Petitioner may file a reply within **5 days** of Respondents' answer.

Dated this 23rd day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge